OPINION
Appellee, Anthony Sideri, and John R. Berrick entered into a lease agreement for the year 1996 whereby Mr. Berrick would lease premises from appellee. On August 29, 1996, appellee filed a forcible entry and detainer complaint against Mr. Berrick for failure to pay rent for the months of June, July and August of 1996. On November 12, 1996, appellee filed an amended complaint for unpaid water bills and damages beyond reasonable wear and tear. In the amended complaint, appellee listed the defendants as Mr. Berrick and appellant, Rebekah L. Stuck. Appellant had lived in the subject premises with Mr. Berrick.
On December 13, 1996, appellee filed a motion for default judgment. By judgment entry filed December 19, 1996, the trial court granted said motion and awarded appellee $8,599.25 plus interest and court costs.
On April 25, 1997, appellant filed a motion to vacate default judgment pursuant to Civ.R. 60(B). By judgment entry filed May 14, 1997, the trial court granted said motion and vacated the December 19, 1996 judgment against appellant only.
A bench trial on appellee's claims against appellant was held on June 25, 1997. By judgment entry filed same date, the trial court found in favor of appellee and awarded appellee $3,796.17 plus interest and court costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY AWARDING A JUDGMENT TO PLAINTIFF-APPELLEE BASED ON A THEORY OF QUANTUM MERUIT SINCE THERE WAS NO EXPRESS OR IMPLIED AGREEMENT BETWEEN REBEKAH STUCK AND PLAINTIFF-APPELLEE.
II
 THE TRIAL COURT ERRED BY ENTERING A JUDGMENT AGAINST REBEKAH STUCK FOR DAMAGE TO APPELLEE'S RENTAL PROPERTY WHERE REBEKAH STUCK HAD MADE NO EXPRESS OR IMPLIED AGREEMENT TO PAY FOR SUCH DAMAGES AND THERE WAS NO EVIDENCE THAT SHE HAD CAUSED THE DAMAGES.
 I
Appellant claims the trial court erred in holding her liable for past due rent under the theory of quantum meruit. We agree.
Appellee argues because appellant admitted to living in the premises and was aware no rent was being paid, she should be liable for the past due rent under the theory of quantum meruit. Quantum meruit is "generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of the services rendered." Aultman Hosp. Assn.v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 55.
In the lease sub judice, the only parties were Mr. Berrick and appellee. Mr. Berrick was the sole signator as tenant. The terms of the lease agreement had not expired and there was no month-to-month tenancy involved. Appellee admits Mr. Berrick "occupied said premises under a written one-year rental agreement." See, November 12, 1996 Amended Complaint at paragraph 2.
We find without any proof of privity of contract or any establishment of a month-to-month tenancy, appellee cannot be granted a money judgment for past due rent against a nonsignator to the lease or nonspouse of the signator.
Assignment of Error I is granted.
 II
Appellant claims the trial court erred in entering a judgment against her for damages to the premises. We agree in part.
By judgment entry filed June 25, 1997, the trial court found damages to the premises as follows:
Davidson Locksmith $ 86.19
Dishwasher repair 39.66
Stanley Steamer 431.50
Stark Water Division 31.05
Stark Water Division 102.77
Equity Builders 305.00
TOTAL $996.17
Appellee testified he had to hire a locksmith because the locks had been changed during the occupancy of the premises and he had never been given a key ($86.19). T. at 10-11. Appellee also testified the premises were filthy beyond normal wear and tear (T. at 11), and submitted photographs as evidence. See, Plaintiff's Exhibit 1. The dishwasher's motor had burned out ($39.66), the carpets needed to be cleaned twice ($431.50) and appellee had to hire a clean-up crew ($305.00). T. at 19, 35, 42. About six months worth of water bills had never been paid ($133.82). T. at 23.
Given appellant's concession that she resided in the premises, we find the trial court did not err in assessing damages against appellant which were separate and apart from the lease agreement. We find the dishwasher repair ($39.66) and the water bills ($133.82) are outside the parameters of the lease agreement. We therefore find $173.48 in damages to be valid against appellant.
Assignment of Error II is granted in part and denied in part.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J. and Gwin, J. concur.
Hoffman, J. concurs in part, dissents in part.